IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FUNCTIONAL PATHWAYS OF TENNESSEE, LLC,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>WILSON SENIOR CARE, INC.,   )<br>f/k/a THE WILSON GROUP, INC.,   )<br>and HERITAGE HEALTHCARE,   )<br>INC.,   )<br>)<br>Defendants.   )<br>_____)  | Civil Action No.: 4:12-cv-00922-RBH<br><br>**ORDER** |

This matter is before the Court after Defendant Heritage Healthcare, Inc. ("Heritage") filed a motion to dismiss the complaint filed by Plaintiff Functional Pathways of Tennessee, LLC. After reviewing Heritage's motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the parties' briefs,[1] the Court denies Defendant's motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

Plaintiff brings this suit against Defendants Wilson Senior Care, Inc. ("WSC") and Heritage, alleging that WSC breached a contract with Plaintiff and that Heritage tortiously interfered with the contractual relationship. The suit was filed in Tennessee state court and removed by Defendants to the United States District Court for the Eastern District of Tennessee. After hearing Defendants' motions to dismiss the case for lack of personal jurisdiction or, alternatively, to transfer venue, the Tennessee district court transferred the action to this Court, the district in which both Defendants reside.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

The facts relevant to Plaintiff's claims are as follows. In 2004, WSC and Plaintiff contracted for Plaintiff to provide physical therapy services at WSC's facilities. Plaintiff's therapists provided therapy services at WSC's senior care facilities in Darlington County, South Carolina, between March of 2004 and June of 2009. In 2009, WSC decided to terminate its contract with Plaintiff and perform its therapy services in house. WSC wished to hire several of Plaintiff's employees who had performed therapy services at WSC's facilities; however, WSC's contract with Plaintiff contained a provision precluding WSC from hiring Plaintiff's employees for a period of one year after the termination of the service contract. Accordingly, on or about June 1, 2009, WSC and Plaintiff entered into the agreement that gives rise to this action. Pursuant to the agreement, WSC could hire Plaintiff's employees or former employees at WSC's South Carolina facilities, and Plaintiff received a right of first refusal if WSC chose to again pursue outside therapy services in its South Carolina facilities. The right of first refusal lasted three years.

Plaintiff's first claim is against WSC for breach of contract. It alleges that WSC breached the agreement in 2010 by offering the opportunity to provide therapy services to another therapy services provider, Heritage, without first making an offer to Plaintiff. Plaintiff's second claim is against Heritage for its alleged interference in procuring the breach.[2] It claims that Heritage knowingly induced WSC to breach the agreement by "offering to provide therapy services cheaper than WSC believed it could obtain the therapy services from" Plaintiff. Compl., ECF No 1-1.

Heritage now renews a Rule 12(b)(6) motion to dismiss Plaintiff's common law claim for tortious interference with a contractual relationship—a motion that the Tennessee district court

---

[2] In its complaint, Plaintiff asserts a claim against Heritage for inducement of breach of contract pursuant to Tenn. Code Ann. § 47-50-109. When Heritage first moved to dismiss the claim based on the fact the alleged tort occurred in South Carolina and was not governed by Tennessee statutory law, Plaintiff agreed, conceding that its Tennessee statutory claim was precluded as the result of Sixth Circuit precedent. Memo. in Supp. of Mot. to Dismiss 8, ECF No. 7. Plaintiff did not change its position when Heritage renewed its motion to dismiss the claim before this Court, and, in fact, Plaintiff never addressed the issue in its response. Therefore, the Court dismisses Plaintiff's statutory claim for inducement of breach of contract under Tenn. Code Ann. § 47-50-109.

2

dismissed as premature. Plaintiff responded to the motion, and Heritage submitted a reply. The motion and the parties' briefs are now before the Court.

## RULE 12(B)(6) STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of a plaintiff's complaint. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walters*, 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.' " (quoting *Twombly*, 550 U.S. at 570)). Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Heritage contends in its motion to dismiss that Plaintiff fails to state a sufficient claim for tortious interference with a contractual relationship, a claim recognized by South Carolina courts.[3]

---

[3] The Court notes that there is a question about which state's law Plaintiff pleaded as a basis for its claim. Plaintiff, in its complaint, did not indicate whether it was pleading Tennessee's or South

In order to prevail on such a claim, a plaintiff must show the existence of (1) a "contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom." *DeBerry v. McCain*, 274 S.E.2d 293, 296 (S.C. 1981). Here, Heritage does not dispute that a contract existed between Plaintiff and WSC—the contract being the agreement that Plaintiff maintained a three-year right of first refusal. Instead, Heritage argues that Plaintiff failed to allege (1) that Heritage knowingly and intentionally procured a breach of the agreement between Plaintiff and WSC and (2) that Heritage was without justification for its actions alleged by Plaintiff. Reply Memo. in Supp. of Mot. to Dismiss 4-6, ECF No. 27.

Plaintiff alleged that Heritage "intentionally and maliciously intended to—and did—induce WSC to breach the Agreement with" Plaintiff. Compl. ¶ 36. Heritage contends that the facts alleged by Plaintiff, which are assumed to be true, do not support the elements of a claim of tortious interference with a contractual relationship. Specifically, Heritage points out, that based on Plaintiff's allegations, the earliest Heritage could have had knowledge of an agreement between Plaintiff and WSC was on July 30, 2010, when Plaintiff demanded in a letter that WSC comply with the agreement and, according to Heritage, *after* WSC offered Heritage the opportunity to provide

---

Carolina's common law claim for tortious interference with a contractual relationship, alleging only a violation of "common law interference with contract." Compl. 8. In its brief in support of its initial motion to dismiss, Heritage assumed the claim was a Tennessee common law claim, concluding that "Tennessee law . . . is entirely inapplicable to the alleged actions of Heritage, all of which took place in South Carolina only." Memo. in Supp. of Mot. to Dismiss 8, ECF No. 7. Responding to Heritage's argument, Plaintiff contended that its "common law" claim is sufficiently pled under the Rules "because South Carolina, like Tennessee, recognizes such a claim." Resp. in Opp'n to Mot. to Dismiss 16-17, ECF No. 25. The Court agrees. Plaintiff's failure to specify which state's common law it was pleading is not fatal to its claim. Instead, the Court must focus on Plaintiff's "short and plain statement" in order to determine whether it "is entitled to relief." Fed. Rs. of Civ. P. 8(a)(2), 12(b)(6). In the briefs now before this Court, both Plaintiff and Heritage are in agreement that South Carolina law is applicable to the alleged actions of Heritage. Therefore, the Court considers Plaintiff's allegations in light of South Carolina law.

therapy services. Heritage began providing therapy services at WSC's facility two days later on August 1. It follows, then, that Heritage did not have knowledge of the agreement when "WSC approached Heritage regarding the provision of therapy services." Reply Memo. in Supp. of Renewed Mot. to Dismiss 3, ECF No. 37.

Heritage's position, however, assumes a standard that demands "detailed factual allegations," which are not necessary under the Rules' requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555; Fed. R. of Civ. P. 8(a)(2). Contrary to Heritage's contention, Plaintiff's complaint is not merely "naked assertions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. From the facts alleged, it can reasonably be inferred that Heritage was aware of an agreement between Plaintiff and WSC when it began providing therapy services on August 1. Moreover, as Plaintiff alleges, Heritage "intentionally and maliciously . . . induced" the breach, which it alleges was the opportunity to provide services beginning on August 1. Indeed, Plaintiff alleges that "[d]espite being advised about the existence of the Agreement, Heritage elected to provide therapy services at the facilities operated by WSC, knowing its actions would cause WSC to breach its Agreement with" Plaintiff. Comp. ¶ 23.

Furthermore, allegations that Heritage's procurement of the breach was without justification are both reasonably inferred from Plaintiff's complaint and plausible. According to Plaintiff, WSC was bound by the agreement for three years and was not entitled to terminate the agreement at will. *Cf.* Restatement (Second) of Torts § 768(2) ("The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will."). As Plaintiff alleges, Heritage knew the terms of the agreement yet proceeded to provide services anyway,

5

"maliciously" procuring the alleged breach. *See BDC LLC v. BMW Mfg. Co.*, 360 F. App'x 428, 435 (4th Cir. 2010) ("Absence of justification means conduct that is carried out for an improper purpose, such as malice or spite, or through improper means, such as violence or intimidation.").

While Heritage may ultimately show it did not procure the breach of the agreement between Plaintiff and WSC, as alleged, or that its actions were justified, resolution of such questions require evidentiary support, at the very least. *Cf. Bocook Outdoor Media, Inc. v. Summey Outdoor Advertising, Inc.*, 363 S.E.2d 390, 178 (S.C. Ct. App. 1987) ("[T]he issue of whether particular practices engaged in by these business competitors constituted improper interference was a matter for the jury to decide based upon the evidence presented."), *overruled on other grounds by O'Neal v. Bowles*, 431 S.E.2d 555 (S.C. 1993). Here, Heritage has not yet filed an answer or presented any undisputed evidence. Given Plaintiff's allegations, the Court cannot find that Plaintiff's claim against Heritage is insufficient for the purposes of a 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

January 7, 2013
Florence, South Carolina